**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **MICHAEL ARQUERO,** ) | |
| ) | **Case No.** |
| **Plaintiff,** ) | |
| ) | **Judge** |
| v. ) | |
| ) | **Magistrate Judge** |
| **SHERIFF TOM DART, Cook County** ) | |
| **Sheriff, and OFFICER JOHN DOE,** ) | |
| **Individually.** ) | **JURY DEMAND** |
| ) | |
| **Defendants.** ) | |

**COMPLAINT AT LAW FOR CLASS ACTION**

NOW COMES the Plaintiff, MICHAEL ARQUERO, by and through his attorneys, Gregory E. Kulis & Associates, Ltd., and complaining against the Defendants, SHERIFF TOM DART, Sheriff of Cook County, and OFFICER JOHN DOE, as follows:

**COUNT I – UNLAWFUL SEIZURES**

1. This action is brought pursuant to the laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff, MICHAEL ARQUERO, accomplished by acts and/or omissions of the Defendants, SHERIFF TOM DART, Sheriff of Cook County, and OFFICER JOHN DOE committed under color of law.

2. Jurisdiction is based on Title 28 U.S.C. §1343 and §1331 and supplemental jurisdiction of the State of Illinois.

3. The Plaintiff, MICHAEL ARQUERO was at all relevant times United States citizen and resident of the State of Illinois.

4. At all relevant times the Defendant, OFFICER JOHN DOE was a duly appointed law enforcement officer of the Sheriff of Cook County acting within the scope of his employment and under color of law.

5. The Defendant TOM DART, as Sheriff of Cook County, is a statutory municipal corporation and the employer of the Defendant, OFFICER JOHN DOE.

6. On February 7, 2019, the Plaintiff, MICHAEL ARQUERO, was a resident of Chicago, Illinois defending criminal charges in the Circuit Court of Cook County.

7. The Plaintiff, MICHAEL ARQUERO, on or about January 6, 2018 was placed on the Electronic Monitoring System through the Cook County Court system.

8. The Plaintiff, MICHAEL ARQUERO, agreed to subject himself to certain movement restrictions which would be monitored by the Electronic Monitoring System (hereinafter referred to as "EMS").

9. The Defendant SHERIFF TOM DART, as the Cook County Sheriff, was responsible for monitoring the system and determining that individuals on the EMS would comply.

10. The Plaintiff, MICHAEL ARQUERO, has complied with the movement restrictions placed upon him.

11. In February/March 2018 officers from the Cook County Sheriff's department came to Plaintiff MICHAEL ARQUERO's home to change out/adjust his ankle monitor and to adjust the box in his home.

12. When they came, Plaintiff MICHAEL ARQUERO was informed that he was not in his home according to their system.

13. The officers at his home called into the EMS center and reported that the system was not working because the Plaintiff, MICHAEL ARQUERO, was in his home sitting in front of them.

14. The Plaintiff, MICHAEL ARQUERO, was in his house as individuals from the Sheriff's department were telling him he was not there according to their system.

15. The Cook County EMS for well over a year has had false reports and glitches that have not been rectified.

16. Despite having knowledge of the on-going problems of the EMS the Defendant, SHERIFF TOM DART, continued to arrest/violate people for movement violations knowing that there was a likelihood that such violations did not in fact exist.

17. The Defendant SHERIFF TOM DART, Sheriff of Cook County, was aware of the numerous people it violated/arrested for movement violations in the past year <u>only</u> due to computer/equipment glitches in the EMS.

18. Despite having that knowledge that the system was not reliable, on February 7, 2019 at approximately 3:00 a.m. the Defendant SHERIFF TOM DART had officers come to Plaintiff MICHAEL ARQUERO's home, who knocked on his door and told him he was being taken into custody.

19. The Plaintiff MICHAEL ARQUERO was taken into custody for allegedly violating his movement restriction over fifty (50) times.

20. The Plaintiff was informed that he purportedly had violated movement restrictions in February – March 2018.

21. The Plaintiff did not violate the movement restrictions as alleged in February – March 2018.

22. Knowing of the glitches and problems of the EMS the Plaintiff MICHAEL ARQUERO was handcuffed, taken into custody, and placed in the Cook County Jail.

23. This arrest/detention was done as a result of the practice, custom, and policy of Defendant SHERIFF TOM DART, Cook County Sheriff.

24. The Plaintiff was held in the County jail for approximately six (6) days.

25. The Plaintiff was released on a court order acknowledging equipment error.

26. As a result of this custom, practice, and policy the Plaintiff MICHAEL ARQUERO was taken into custody/arrested, placed in handcuffs, and incarcerated in the Cook County Jail.

27. The actions by way of the Defendant's custom, practice, and policy violated the Plaintiff MICHAEL ARQUERO's fourth and fourteenth amendment rights as protected by 42 U.S.C. §1983.

28. As a result of the Defendant, SHERIFF TOM DART, as Sheriff of Cook County's custom practice and policy the Plaintiff suffered fear, anxiety, discomfort, pain, suffering, emotional distress, and monetary expense.

WHEREFORE the Plaintiff MICHAEL ARQUERO prays for reasonable compensatory damages plus attorneys' fees and costs.

## COUNT II – JOHN DOE

1-25. The Plaintiff hereby realleges and incorporates his allegations of paragraphs 1-25 of Count I as his respective allegations of paragraphs 1-25 of Count II as though fully set forth herein.

26. At all relevant times the Defendant OFFICER JOHN DOE was an employee of the Defendant SHERIFF TOM DART, Sheriff of Cook County and acting within his scope of employment and under color of law.

27. The Defendant OFFICER JOHN DOE acting in accordance with the custom, practice, and policies of Defendant SHERIFF TOM DART, Sheriff of Cook County.

28. Despite said custom, practice, and policy, the Defendant OFFICER JOHN DOE was aware of the glitches and unreliability of the EMS.

29. The Defendant OFFICER JOHN DOE knew in February 2019 that this was not reliable facts that would suggest probable cause to take Plaintiff MICHAEL ARQUERO in custody for movement violations but irrespective of such issued orders to have Plaintiff MICHAEL ARQUERO seized/arrested.

30. There was no probable cause to take the Plaintiff MICHAEL ARQUERO in custody and to seize him, handcuff him, and incarcerate him.

31. The actions of the Defendant OFFICER JOHN DOE were intentional, willful, and in reckless disregard for the constitutional rights of Plaintiff MICHAEL ARQUERO.

32. As a result of the actions of the Defendant OFFICER JOHN DOE the Plaintiff MICHAEL ARQUERO suffered violations of the fourth and fourteenth amendment rights as protected by 42 U.S.C. §1983.

33. As a result of the actions and reckless disregard of the Defendant OFFICER JOHN DOE, the Plaintiff suffered emotional distress, fear, anxiety, pain, and monetary expenses.

WHEREFORE the Plaintiff prays for judgment against the Defendant OFFICER JOHN DOE for reasonable compensatory damages, punitive damages, and attorneys' fees and costs.

### COUNT III -INDEMNIFICATION- TOM DART, SHERIFF OF COOK COUNTY

1-29. The Plaintiff, MICHAEL ARQUERO, hereby realleges and incorporates his allegations of paragraphs 1-29 of Count II as his respective allegations of paragraphs 1-29 of Count III as though fully set forth herein.

30. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

31. The Defendant, OFFICER JOHN DOE, was an employee of THE SHERIFF OF COOK COUNTY, who acted within the scope of his employment in committing the misconduct described herein.

WHEREFORE, should the Defendant, OFFICER JOHN DOE, be found liable for any of the acts alleged above, the Defendant, SHERIFF OF COOK COUNTY, would be liable to pay the Plaintiff, MICHAEL ARQUERO any judgment obtained against the Defendants.

### COUNT IV CLASS ACTION ALLEGATIONS

1-29. The Plaintiff hereby realleges and incorporates his allegations of paragraphs 1-29 of Count III as his respective allegations of paragraphs 1-29 of Count IV as though fully set forth herein.

30. This cause of action is brought on belief of all other individuals who have been taken into custody and incarcerated in jail due to equipment failure of the EMS over the past two (2) years.

31. The number who have been unlawfully taken into custody as a result of these actions exceed one hundred (100) thus comprising a punitive class.

32. During 2017- present the members of the punitive class are individuals who were taken into custody, handcuffed, and placed in county jail despite the knowledge of SHERIFF TOM DART, Cook County Sheriff's Department that EMS is malfunctioning, resulting in wrongfully taking people into custody, and recklessly disregarding their constitutional rights.

33. On the night that Plaintiff MICHAEL ARQUERO was taken into custody numerous others were seized and thrown in Cook County Jail.

34. On the night Plaintiff MICHAEL ARQUERO was released numerous of individuals were released.

35. At Cook County Jail on information and belief there were twenty-five to thirty (25-30) other individuals who were seized on the groundless allegation that they violated their movement restrictions on the EMS.

36. When seizing these individuals, SHERIFF TOM DART, Sheriff of Cook County, had a long-standing knowledge that the EMS was not reliable.

37. Irrespective of this knowledge SHERIFF TOM DART, Sheriff of Cook County, ignored knowledge, ignored and disregarded the constitutional right of the individual, and rounded them up.

38. The punitive class members were released by court order based on "equipment malfunction."

39. The members of the punitive class had to endure being pulled out of their homes, in front of family members, handcuffed, and incarcerated for days in the County jail despite the lack of any reliable evidence that they violated their movement restrictions.

40. The Defendant, SHERIFF TOM DART, Cook County Sheriff, acted on grounds generally applicable to the entire punitive class.

41. A class action is an appropriate method for the fair and efficient adjudication of this controversy because it involves a uniform course of conduct equally applicable to all members of the punitive class as well as the individually named Plaintiff. A class action can therefore best secure the interests of time, effort, expense, and judicial economy, and can accomplish the other ends of equality and justice that this action seeks to obtain.

42. As a result of the actions of the Defendant, SHERIFF TOM DART, Cook County Sheriff's Office, the Plaintiffs suffered fear, insult, anxiety, emotional distress, insult, pain, suffering, and monetary loss/expense.

WHEREFORE the Plaintiff prays that this honorable court grant judgement in favor of the punitive class and award appropriate reasonable compensatory damages plus attorneys' fees and costs.

## **COUNT V – INJUNCTIVE RELIEF**

1-42. The Plaintiff hereby realleges and incorporates his allegations of paragraphs 1-42 of Count IV as his respective allegations of paragraphs 1-42 of Count V as though fully set forth herein.

43. Despite having direct knowledge of the malfunctions and unreliability of the Electronic Monitoring System the Defendant SHERIFF TOM DART, Cook County Sheriff's Department has and continued to seize individuals without taking appropriate precautions, investigating the "alleged" movement violations of the people in the system, ignoring their rights to be unlawfully seized and incarcerated in jail.

44. Without court intervention there is a strong likelihood this practice will continue, and numerous individuals will continue to be unlawfully seized when in fact they that complied with their movement restrictions.

45. The putative class members as part of the Electronic Monitoring System have no adequate remedies at law until they are seized and have already incurred monetary losses, damages, and incarceration.

WHEREFORE, the Plaintiff PUTATIVE CLASS and MICHAEL ARQUERO prays that this honorable court grant the appropriate injunctive relief ordering the Defendant to take appropriate measures to correct and rectify the EMS or take precautions prior to seizing individually and incarcerating them, and award reasonable attorneys' fees and costs.

### JURY DEMAND

The Plaintiff, MICHAEL ARQUERO hereby requests a trial by jury.

Respectfully submitted,

/s/ Gregory E. Kulis
Gregory E. Kulis & Associates, Ltd.

Gregory E. Kulis & Associates, Ltd.
30 North LaSalle Street, Suite 2140
Chicago, Illinois 60602
p. (312) 580-1830

\  10