UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL ARQUERO, individually And on behalf of all others similarly Situated, | ) ) ) |
| Plaintiff, | ) Case No. 1:19 CV 01528 ) ) Judge Steven C. Seeger |
| v. | ) ) Magistrate Judge ) |
| COOK COUNTY SHERIFF THOMAS DART and SGT. JOHN WEBB in their Official capacities, and SGT. HILL, SGT. TROIS SHAVERS, OFFICER MARONEY, OFFICER ROMAN, Individually, and COOK COUNTY, a Municipal Corporation, | ) CLASS ACTION COMPLAINT ) ) JURY DEMAND ) ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANT'S ANSWER TO PLAINTIFF'S FOURTH AMENDED COMPLAINT**

NOW COME Defendants, Cook County, a Body Politic and Corporate ("Cook County"), Sheriff Thomas Dart ("Dart"), Sergeant Trois Shavers ("Shavers"), John Webb ("Webb"), Officer Roman ("Roman"), Officer Maroney ("Maroney"), and Sergeant Hill ("Hill" and collectively, "Defendants"), by and through their attorneys, Jason E. DeVore, Troy S. Radunsky, and Kimberly D. Musick, of the law firm DeVore Radunsky LLC, and for their Answer to Plaintiff's Fourth Amended Complaint, states as follows:

**JURISDICTION**

1. This action is brought pursuant to the laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff, MICHAEL ARQUERO, accomplished by acts and/or omissions of the Defendants committed under color of law.

1

**ANSWER:** **Defendants admit that this action is brought pursuant to the laws of the United States Constitution, specifically 42 U.S.C. § 1983 and § 1988, and the laws of the State of Illinois. Defendants deny all remaining allegations in Paragraph 1 of Plaintiff's Fourth Amended Complaint.**

2. Jurisdiction is based on Title 28 U.S.C. §1343 and §1331 and supplemental jurisdiction of the State of Illinois.

**ANSWER:** **Defendants admit to the allegations contained in Paragraph 2 of Plaintiff's Fourth Amended Complaint.**

## PARTIES

3. The Plaintiff, Michael Arquero ("Arquero"), was at all relevant times a United States citizen and a resident of the State of Illinois.

**ANSWER:** **Upon information and belief, Defendants admit to the allegations contained in Paragraph 3 of Plaintiff's Fourth Amended Complaint.**

4. At all relevant times, the Defendants, Investigators Roman (#6057)("Defendant Roman") and Robert Moroney (#6106) ("Defendant Moroney") were duly appointed law enforcement officers of the Cook County Sheriff, acting within the scope of their employment and under color of law.

**ANSWER:** **Defendants admit to the allegations contained in Paragraph 4 of Plaintiff's Fourth Amended Complaint.**

5. Sergeant Trois Shavers ("Defendant Shavers") was working in the Cook County Sheriff Department's Electronic Monitoring Unit at all relevant times to this case.

**ANSWER:** **Defendants admit to the allegations contained in Paragraph 5 of Plaintiff's Fourth Amended Complaint.**

6. John Webb ("Defendant Webb"), from March 2016 to July 2019, was the Director of the Electronic Monitoring Unit ("EMU").

**ANSWER:** **Defendants admit to the allegations contained in Paragraph 6 of Plaintiff's Fourth Amended Complaint.**

7. Sergeant Hill ("Defendant Hill") was employed at the Cook County Sheriff's Department at all times relevant to this case.

#369566v1

**ANSWER:** **Defendants admit to the allegations contained in Paragraph 7 of Plaintiff's Fourth Amended Complaint.**

8. Thomas Dart ("Defendant Dart") is the Cook County Sheriff, which employs Defendants Roman, Moroney, Webb, Hill and Shavers.

**ANSWER:** **Defendants admit to the allegations contained in Paragraph 8 of Plaintiff's Fourth Amended Complaint.**

9. Defendant Cook County is a body politic and corporate under Illinois law, situated in the Northern District of Illinois.

**ANSWER:** **Defendants admit to the allegations contained in Paragraph 9 of Plaintiff's Fourth Amended Complaint.**

10. At all relevant times, the Cook County Department of Corrections ("CCDOC") and the Cook County Sheriff's Office, as supervised by Cook County Sheriff Thomas Dart, were departments of Cook County.

**ANSWER:** **Defendants admit to the allegations contained in Paragraph 10 of Plaintiff's Fourth Amended Complaint.**

11. From January 2019 through the present, Cook County contracts with Attenti US Inc. ("Attenti") for electronic monitoring equipment and for the servicing of that equipment.-

**ANSWER:** **Defendants lack sufficient information to admit or deny the allegations of Paragraph 11, and therefore neither admit or deny the same.**

## COUNT I – FOURTH AMENDMENT VIOLATIONS

12. The Plaintiff hereby realleges and incorporates his allegations in Paragraphs 1–11 as his respective allegations of Paragraph 12 of Count I as though fully set forth herein.

**ANSWER:** **Defendants reallege and incorporate their answers to Paragraphs 1-11 as their Answer to Paragraph 12 of Count I of Plaintiff's Fourth Amended Complaint.**

13. Beginning on September 9, 2016, Arquero, a resident of Chicago, Illinois, had been defending against criminal charges in the Circuit Court of Cook County.

**ANSWER:** **Upon information and belief, Defendants admit to the allegations contained in Paragraph 13 of Count I of Plaintiff's Fourth Amended Complaint.**

3

#369566v1

14. On or about January 6, 2018, Arquero was placed on the Electronic Monitoring System (hereinafter referred to as "EMS") by Judge Erica Reddick of Cook County.

**ANSWER:** **Upon information and belief, Defendants admit to the allegations contained in Paragraph 14 of Count I of Plaintiff's Fourth Amended Complaint.**

15. As a condition of electronic monitoring participation, Arquero agreed to subject himself to certain movement restrictions which would be monitored by the equipment and alert system, and enforced by the Cook County Sheriff's Department.

**ANSWER:** **Upon information and belief, Defendants admit only that as a condition of electronic monitoring participation, Arquero agreed to subject himself to certain movement restrictions which would be monitored by the equipment and alert system. Defendants deny all remaining allegations in Paragraph 15 of Count I of Plaintiff's Fourth Amended Complaint.**

16. Specifically, Arquero's movement was confined to his private residence, 2943 N. Fairfield, Apartment B, Chicago, Illinois 60618, unless otherwise ordered by a court.

**ANSWER:** **Upon information and belief, Defendants admit to the allegations contained in Paragraph 16 of Count I of Plaintiff's Fourth Amended Complaint.**

17. Arquero has complied with the movement restrictions placed upon him since his initiation into the electronic monitoring program, only leaving his residence when a court enters an order permitting him to leave.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 17 of Count I of Plaintiff's Fourth Amended Complaint.**

18. In February 2018, Arquero experienced several electronic monitoring equipment malfunctions and reported them each to the proper electronic monitoring personnel.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 18 of Count I of Plaintiff's Fourth Amended Complaint.**

19. In October 2018, officers from the Cook County Sheriff's Department went to Arquero's home to replace his ankle monitor and to adjust the box.

**ANSWER:** **Defendants admit to the allegations contained in Paragraph 19 of Count I of Plaintiff's Fourth Amended Complaint.**

4

#369566v1

20. About a year later, on February 7, 2019, Defendants Roman and Moroney were sent to Arquero's residence to reincarcerate him for "excessive violations."

**ANSWER:** **Defendants admit to the allegations contained in Paragraph 20 of Count I of Plaintiff's Fourth Amended Complaint.**

21. When Defendants Roman and Moroney arrived to Arquero's residence, Arquero was sleeping, and Defendants Roman and Moroney plainly observed he was in his residence, within the boundary restrictions.

**ANSWER:** **Defendants admit that Defendants Roman and Moroney went to Plaintiff's residence. Defendants deny all remaining allegations contained in Paragraph 21 of Count I of Plaintiff's Fourth Amended Complaint.**

22. Defendants Roman and Moroney informed Arquero that the EMS was indicating he was outside the permissible boundaries.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 22 of Count I of Plaintiff's Fourth Amended Complaint.**

23. At the direction of Defendants Shavers and Hill, Defendants Roman and Moroney went to Arquero's residence and reincarcerated him for alleged electronic monitoring violations, which apparently totaled to 59 movement violations.

**ANSWER:** **Defendants admit to the allegations contained in Paragraph 23 of Count I of Plaintiff's Fourth Amended Complaint.**

24. Defendants' actions were intentional, willful, and wanton.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 24 of Count I of Plaintiff's Fourth Amended Complaint.**

25. The allegations against Arquero, brought by Defendants, were resolved in Arquero's favor after he sat in jail for multiple days.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 25 of Count I of Plaintiff's Fourth Amended Complaint.**

26. On February 11, 2019, a Cook County judge ordered Arquero be released back on the EMS because the equipment failure caused the "excessive violations."

**ANSWER:** **Defendants deny the allegations contained in Paragraph 26 of Count I of Plaintiff's Fourth Amended Complaint.**

27. As a result of all Defendants' actions and inaction, the Plaintiff MICHAEL ARQUERO suffered violations of his Fourth Amendment rights as protected by 42 U.S.C. §1983.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 27 of Count I of Plaintiff's Fourth Amended Complaint.**

28. As a result of Defendants' actions, Arquero suffered emotional distress, fear, anxiety, pain, and monetary expenses.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 28 of Count I of Plaintiff's Fourth Amended Complaint.**

WHEREFORE Defendants respectfully request that this Court enter judgement in their favor and against Plaintiff, along with any further relief as this Court deems just and proper.

## COUNT II – PROCEDURAL DUE PROCESS

29. The Plaintiff hereby realleges and incorporates his allegations of paragraphs 1-28 as his respective allegations of Paragraph 29 of Count II as though fully set forth herein.

**ANSWER:** **Defendants make no answer to the allegations contained in Count II of Plaintiff's Fourth Amended Complaint as it was dismissed with prejudice pursuant to Defendants' 12(b)(6) motion to dismiss.**

30. In their respective roles, all Defendants knew, or should have known, Arquero's equipment was prone to transmitting erroneous violation alerts.

**ANSWER:** **Defendants make no answer to the allegations contained in Count II of Plaintiff's Fourth Amended Complaint as it was dismissed with prejudice pursuant to Defendants' 12(b)(6) motion to dismiss.**

31. All individually named Defendants knew or should have known that they had no substantiated justification to reincarcerate Arquero.

**ANSWER:** **Defendants make no answer to the allegations contained in Count II of Plaintiff's Fourth Amended Complaint as it was dismissed with prejudice pursuant to Defendants' 12(b)(6) motion to dismiss.**

#369566v1

32. Specifically, Defendant Shavers knew that Arquero's electronic monitoring equipment had malfunctioned in the past by sending out false violation alerts.'

**ANSWER:** **Defendants make no answer to the allegations contained in Count II of Plaintiff's Fourth Amended Complaint as it was dismissed with prejudice pursuant to Defendants' 12(b)(6) motion to dismiss.**

33. Despite this knowledge, and without confirming or attempting to confirm, Arquero's actual whereabouts, Defendant Shavers directed Defendants Roman and Moroney to reincarcerate Arquero on February 7, 2019.

**ANSWER:** **Defendants make no answer to the allegations contained in Count II of Plaintiff's Fourth Amended Complaint as it was dismissed with prejudice pursuant to Defendants' 12(b)(6) motion to dismiss.**

34. Knowing that, Defendants Roman, Moroney, Hill, and Shavers unlawfully reincarcerated Arquero pursuant to the unconstitutional custom, policy, and practices instituted by Defendants Dart, Webb, and Cook County Sheriff's Department.

**ANSWER:** **Defendants make no answer to the allegations contained in Count II of Plaintiff's Fourth Amended Complaint as it was dismissed with prejudice pursuant to Defendants' 12(b)(6) motion to dismiss.**

35. Defendants Roman and Moroney went to Arquero's residence, and reincarcerated him for alleged electronic monitoring violations.

**ANSWER:** **Defendants make no answer to the allegations contained in Count II of Plaintiff's Fourth Amended Complaint as it was dismissed with prejudice pursuant to Defendants' 12(b)(6) motion to dismiss.**

36. Defendants Roman and Moroney were aware that Arquero's EMS equipment had malfunctioned on multiple occasions.

**ANSWER:** **Defendants make no answer to the allegations contained in Count II of Plaintiff's Fourth Amended Complaint as it was dismissed with prejudice pursuant to Defendants' 12(b)(6) motion to dismiss.**

#369566v1

37. When Defendants Roman and Moroney arrived to Arquero's residence, Arquero was sleeping, and Defendants Roman and Moroney plainly observed he was in his residence, within the boundary restrictions.

**ANSWER:** **Defendants make no answer to the allegations contained in Count II of Plaintiff's Fourth Amended Complaint as it was dismissed with prejudice pursuant to Defendants' 12(b)(6) motion to dismiss.**

38. Defendants Roman and Moroney's actions were intentional, willful, and in reckless disregard for the Plaintiff Michael Arquero's due process rights.

**ANSWER:** **Defendants make no answer to the allegations contained in Count II of Plaintiff's Fourth Amended Complaint as it was dismissed with prejudice pursuant to Defendants' 12(b)(6) motion to dismiss.**

39. On February 11, 2019, a Cook County judge ordered Arquero be released back on the EMS because the "excessive violations" were a result of equipment failure.

**ANSWER:** **Defendants make no answer to the allegations contained in Count II of Plaintiff's Fourth Amended Complaint as it was dismissed with prejudice pursuant to Defendants' 12(b)(6) motion to dismiss.**

40. After this court order, Arquero informed John Doe Defendants about his ordered release while still being detained, but John Does dismissed his pleas.

**ANSWER:** **Defendants make no answer to the allegations contained in Count II of Plaintiff's Fourth Amended Complaint as it was dismissed with prejudice pursuant to Defendants' 12(b)(6) motion to dismiss.**

41. Despite the February 11th order and Arquero's protests, Arquero was not released from Cook County Jail until February 13, 2019.

**ANSWER:** **Defendants make no answer to the allegations contained in Count II of Plaintiff's Fourth Amended Complaint as it was dismissed with prejudice pursuant to Defendants' 12(b)(6) motion to dismiss.**

42. As a result of all Defendants' actions and inaction, the Plaintiff MICHAEL ARQUERO suffered violations of the Fourteenth Amendment due process rights as protected by 42 U.S.C. §1983.

**ANSWER:** **Defendants make no answer to the allegations contained in Count II of Plaintiff's Fourth Amended Complaint as it was dismissed with prejudice pursuant to Defendants' 12(b)(6) motion to dismiss.**

43. Arquero was subjected to an unlawful reduction in freedom, which caused Arquero to suffer emotional distress, fear, anxiety, pain, and monetary expenses.

**ANSWER:** **Defendants make no answer to the allegations contained in Count II of Plaintiff's Fourth Amended Complaint as it was dismissed with prejudice pursuant to Defendants' 12(b)(6) motion to dismiss.**

WHEREFORE Defendants respectfully request that this Court enter judgement in their favor and against Plaintiff, along with any further relief as this Court deems just and proper.

### COUNT III – *MONELL* CLAIM AGAINST COOK COUNTY

44. The Plaintiff hereby realleges and incorporates his allegations in Paragraphs 1–43 as his respective allegations of Paragraph 44 of Count III as though fully set forth herein.

**ANSWER:** **Defendants reallege and incorporate their answers to Paragraphs 1-43 as their Answer to Paragraph 44 of Count III of Plaintiff's Fourth Amended Complaint.**

45. Defendant Thomas Dart is the final policymaker responsible for all policies and practices of the CCDOC.

**ANSWER:** **Defendants deny the allegations and legal conclusions of Paragraph 45 of Count III of Plaintiff's Fourth Amended Complaint.**

46. Defendants Cook County and Defendant Sgt. Webb are responsible for maintaining the electronic monitoring system, determining what constitutes compliance, setting up the procedural aspects of the program, and ensuring participant compliance with sheriff visits.

**ANSWER:** **Defendants admit the allegations of Paragraph 46 of Count III of Plaintiff's Fourth Amended Complaint.**

47. Upon information and belief, the Cook County EMS has been transmitting false alerts of multiple participants' violations.

**ANSWER:** **Defendants deny the allegations of Paragraph 47 of Count III of Plaintiff's Fourth Amended Complaint.**

48. Defendants Cook County, Dart, and Webb knew and were deliberately indifferent to the frequent malfunctions with the electronic monitoring equipment.

**ANSWER: Defendants deny the allegations of Paragraph 48 of Count III of Plaintiff's Fourth Amended Complaint.**

49. In their respective roles, all Defendants knew, or should have known, Arquero's equipment was prone to transmitting erroneous violation alerts.

**ANSWER: Defendants deny the allegations of Paragraph 49 of Count III of Plaintiff's Fourth Amended Complaint.**

50. Specifically, Defendant Shavers knew that Arquero's electronic monitoring equipment had malfunctioned in the past by sending out false violation alerts.

**ANSWER: Defendants deny the allegations of Paragraph 50 of Count III of Plaintiff's Fourth Amended Complaint.**

51. Despite this knowledge, and without confirming or attempting to confirm, Arquero's actual whereabouts, Defendant Shavers directed Defendants Roman and Moroney to reincarcerate Arquero on February 7, 2019.

**ANSWER: Defendants deny the allegations of Paragraph 51 of Count III of Plaintiff's Fourth Amended Complaint.**

52. Defendants Roman, Moroney, Hill, and Shavers unlawfully reincarcerated, or caused him to be unlawfully reincarcerated, Arquero pursuant to the unconstitutional custom, policy, and practices instituted by Defendants Dart, Webb, and Cook County Sheriff's Department.

**ANSWER: Defendants deny the allegations of Paragraph 52 of Count III of Plaintiff's Fourth Amended Complaint.**

53. Defendants Dart, Webb, and Cook County were aware of the numerous EMS participants who were reincarcerated and detained for movement violations in the past year.

**ANSWER: Defendants admit the allegations of Paragraph 53 of Count III of Plaintiff's Fourth Amended Complaint.**

54. Defendants Dart, Webb, and Cook County became aware that not all of the EMS movement violations were genuine.

**ANSWER: Defendants deny the allegations of Paragraph 54 of Count III of Plaintiff's Fourth Amended Complaint.**

55. Upon information and belief, Defendants Dart, Webb, and Cook County knew or should have known that several of these participants were complying with the movement restrictions despite the EMS violation alerts.

**ANSWER: Defendants deny the allegations of Paragraph 55 of Count III of Plaintiff's Fourth Amended Complaint.**

56. Despite having knowledge of the on-going problems with the EMS, Defendants Dart, Webb, and Cook County continued to reincarcerate participants for movement violations, violating their constitutional rights.

**ANSWER: Defendants deny the allegations of Paragraph 56 of Count III of Plaintiff's Fourth Amended Complaint.**

57. As a direct result of this custom, policy, and practice of being deliberately indifferent to the reports that the electronic monitoring system was defective, Arquero's Fourth Amendment rights were violated February 7, 2019 for non-existent excessive violations of his electronic monitoring program.

**ANSWER: Defendants deny the allegations of Paragraph 57 of Count III of Plaintiff's Fourth Amended Complaint.**

58. After Arquero was taken to Cook County Jail, he became acquainted with several other individuals who were incarcerated without cause because of Defendants' custom, policy, and practice.

**ANSWER: Defendants deny the allegations of Paragraph 58 of Count III of Plaintiff's Fourth Amended Complaint.**

59. Defendants' policies and practices have been implemented by Defendants and their agents or employees in their official capacities.

**ANSWER:** **Defendants admit the allegations of Paragraph 59 of Count III of Plaintiff's Fourth Amended Complaint.**

60. Because of Defendants' policies and procedures as outlined above, Defendants subjected Arquero to unnecessary pain and suffering, fear, anxiety, discomfort, emotional distress, and monetary loss.

**ANSWER:** **Defendants deny the allegations of Paragraph 60 of Count III of Plaintiff's Fourth Amended Complaint.**

61. These policies and practices were the proximate cause of the violations of Arquero's Fourth Amendment rights as protected by 42 U.S.C. §1983.

**ANSWER:** **Defendants deny the allegations of Paragraph 61 of Count III of Plaintiff's Fourth Amended Complaint.**

WHEREFORE Defendants respectfully request that this Court enter judgement in their favor and against Plaintiff, along with any further relief as this Court deems just and proper.

**COUNT IV – *MONELL* CLAIM AGAINST DEFENDANT DART AND COOK COUNTY**

62. The Plaintiff hereby realleges and incorporates his allegations in Paragraphs 1–61 as his respective allegations of Paragraph 62 of Count IV as though fully set forth herein.

**ANSWER:** **Defendants make no answer to the allegations contained in Count IV of Plaintiff's Fourth Amended Complaint as it was dismissed with prejudice pursuant to Defendants' 12(b)(6) motion to dismiss.**

63. The allegations brought by Defendants against Arquero were resolved in Arquero's favor after he sat in jail for multiple days.

**ANSWER:** **Defendants make no answer to the allegations contained in Count IV of Plaintiff's Fourth Amended Complaint as it was dismissed with prejudice pursuant to Defendants' 12(b)(6) motion to dismiss.**

64. On February 11, 2019, a Cook County judge ordered Arquero be released back on the EMS because the equipment failure caused the "excessive violations.

**ANSWER:** **Defendants make no answer to the allegations contained in Count IV of Plaintiff's Fourth Amended Complaint as it was dismissed with prejudice pursuant to Defendants' 12(b)(6) motion to dismiss.**

#369566v1

65. After this court hearing, Arquero informed Cook County Jail staff about his ordered release, but they ignored him.

**ANSWER:** **Defendants make no answer to the allegations contained in Count IV of Plaintiff's Fourth Amended Complaint as it was dismissed with prejudice pursuant to Defendants' 12(b)(6) motion to dismiss.**

66. Despite the February 11th order and Arquero's protests, Arquero was not released from Cook County Jail until February 13, 2019.

**ANSWER:** **Defendants make no answer to the allegations contained in Count IV of Plaintiff's Fourth Amended Complaint as it was dismissed with prejudice pursuant to Defendants' 12(b)(6) motion to dismiss.**

67. Defendant Dart maintains policies or practices of holding in custody individuals, such as Arquero, after their release dates, with deliberate indifference to their constitutional rights, constituting violations of 42 U.S. § 1983.

**ANSWER:** **Defendants make no answer to the allegations contained in Count IV of Plaintiff's Fourth Amended Complaint as it was dismissed with prejudice pursuant to Defendants' 12(b)(6) motion to dismiss.**

68. Defendants have been sued on at least four prior occasions for the unconstitutional policy or practice of detaining individuals beyond their release date. *See Brown v. Dart*, 876 F.3d 939 (7th Cir. 2017); *Otero v. Dart,* No. 12 C 3148, 2016 U.S. Dist. LEXIS 1389 (N.D. Ill. Jan. 7, 2016); *Liska v. Dart*, 60 F. Supp. 3d 889 (N.D. Ill. 2014); *Barnett et al. v. Cook County*, Case No. 1:09-cv-06463.

**ANSWER:** **Defendants make no answer to the allegations contained in Count IV of Plaintiff's Fourth Amended Complaint as it was dismissed with prejudice pursuant to Defendants' 12(b)(6) motion to dismiss.**

69. Defendant Dart acted with deliberate indifference to the rights of Arquero in manufacturing, overlooking and preserving the unconstitutional policies and practices delineated above.

**ANSWER:** **Defendants make no answer to the allegations contained in Count IV of Plaintiff's Fourth Amended Complaint as it was dismissed with prejudice pursuant to Defendants' 12(b)(6) motion to dismiss.**

70. Defendants Roman, Maroney, Shavers, Hill and Webb as alleged in this Amended Complaint were done pursuant to, and as a result of the above de facto policies and practices.

**ANSWER:** **Defendants make no answer to the allegations contained in Count IV of Plaintiff's Fourth Amended Complaint as it was dismissed with prejudice pursuant to Defendants' 12(b)(6) motion to dismiss.**

71. As a direct and proximate cause of Defendants' policy or practice of detaining individuals in custody for unreasonable amounts of time after a court ordered release, Plaintiff has experienced loss of liberty, violations of his Fourth Amendment rights, emotional distress and other damages.

**ANSWER:** **Defendants make no answer to the allegations contained in Count IV of Plaintiff's Fourth Amended Complaint as it was dismissed with prejudice pursuant to Defendants' 12(b)(6) motion to dismiss.**

WHEREFORE Defendants Thomas Dart and Cook County respectfully request that this Court enter judgement in their favor and against Plaintiff, along with any further relief as this Court deems just and proper.

### COUNT V— CLASS ACTION ALLEGATIONS

72. The Plaintiff hereby realleges and incorporates his allegations of paragraphs 1–71 of Count I through IV as his respective allegations of Paragraph 72 of Count V as though fully set forth herein.

**ANSWER:** **Defendants reallege and incorporate their Answers to Paragraphs 1-71 of Count I through Count IV of Plaintiff's Fourth Amended Complaint as their Answer to Paragraph 72 of Count V of Plaintiff's Fourth Amended Complaint.**

73. Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class (the "Class"), defined as follows:

> All persons who were participants in the Cook County Sheriff's Department's Electronic Monitoring Program between 2010 through the time this Complaint is

filed, who were, at any point, reincarcerated after experiencing equipment malfunctions and/or false violation alerts.

> **Subclass 1** – All participants who were reincarcerated for three days or less after reportedly experiencing equipment malfunctioning.

> **Subclass 2** –All participants who were reincarcerated for four or more days after reportedly experiencing equipment malfunctioning.

**ANSWER:** **Defendants neither admit or deny the allegations in Paragraph 73 of Count V of Plaintiff's Fourth Amended Complaint as the Plaintiff's pleadings speak for themselves.**

74. Plaintiff does not know the number of members in the Class or Sub-Classes, but believes that number is above 50 individuals, and even potentially in the hundreds. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

**ANSWER:** **Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 74 of Count V of Plaintiff's Fourth Amended Complaint.**

75. The Class and Sub-Classes are so numerous that the individual joinder of all their members is impractical. While Plaintiff does not know the exact number and identities of the proposed Class members at this time and can only Plaintiff find out this information through appropriate discovery, Plaintiff is informed and believes, and thereon alleges, that the Class includes hundreds of members.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 75 of Count V of Plaintiff's Fourth Amended Complaint.**

76. Plaintiff alleges that the Class members can be ascertained through records maintained by Defendants.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 76 of Count V of Plaintiff's Fourth Amended Complaint.**

77. This cause of action is brought upon information and belief of all other individuals who have been taken into custody and incarcerated in jail due to equipment failure of the EMS over the past twenty years.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 77 of Count V of Plaintiff's Fourth Amended Complaint.**

78. This suit is properly maintainable as a class action pursuant to Federal Rule of Civil Procedure 23(a) because the Class, and within it the proposed Sub-Classes, are so numerous that joinder of their members impractical.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 78 of Count V of Plaintiff's Fourth Amended Complaint.**

79. Moreover, the disposition of Class members' claims would provide substantial benefits to both the parties and the Court.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 79 of Count V of Plaintiff's Fourth Amended Complaint.**

80. There are questions of law and fact common to the Class affecting the parties to be represented. The questions of law and fact common to the Class predominate over questions which may affect individual class members and include, but are not limited to, the following:

    a. Whether the Defendants knew or had reason to know if electronic monitoring system was faulty, flawed, and/or had malfunctioned;
    b. Whether Defendants kept records of electronic monitoring equipment damages, repairs, and/or replacements;
    c. Whether Defendants have a practice of reincarcerating participants without ensuring the participants actually violated their movement restrictions or other EM Program rules;
    d. Whether Defendants had procedural safeguards in place for reincarcerating participants who had reported equipment errors;
    e. Whether Defendants keep track of participants who report equipment failures, and if so, what the protocol was when equipment was reportedly malfunctioning;
    f. Whether Defendants' customs and practices as to reincarceration was the driving force behind the Class's injuries;
    g. Whether any of Defendants inquired or investigated participants' reports of equipment errors and malfunction;
    h. Whether Defendant violated the substantive and procedural due process rights of the Class; and,
    i. Whether the Class and Sub-Class are entitled to recover for actual damages, punitive damages, and attorney fees and costs.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 80, including subparagraphs (a) through (i), of Count V of Plaintiff's Fourth Amended Complaint.**

81. Plaintiff has no interests that are adverse or antagonistic to the interests of other Class members. Plaintiff can, and will, fairly and adequately protect the interests of the Class members.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 81 of Count V of Plaintiff's Fourth Amended Complaint.**

82. On February 7, 2019, the night Arquero was taken into custody, several other participants were seized and thrown in Cook County Jail.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 82 of Count V of Plaintiff's Fourth Amended Complaint.**

83. On February 13, 2019, the night Arquero was released from Cook County Jail, numerous others were released too.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 83 of Count V of Plaintiff's Fourth Amended Complaint.**

84. Plaintiff approximates that he was detained with 25 other individuals in February 2019, based unsubstantiated claims that those participants had also violated their movement restrictions.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 84 of Count V of Plaintiff's Fourth Amended Complaint.**

85. On information and belief, it follows that Defendants have reincarcerated and detained several more—perhaps even hundreds—of participants based on false violation alerts and/or electronic monitoring system errors.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 85 of Count V of Plaintiff's Fourth Amended Complaint.**

86. The putative class members had to endure being pulled out of their homes, in front of family members, handcuffed, and incarcerated for days in the County Jail, thereby missing

#369566v1

professional and personal obligations and commitments, all despite the lack of any reliable evidence that they violated their movement restrictions.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 86 of Count V of Plaintiff's Fourth Amended Complaint.**

87. Defendants acted or refused to act on grounds generally applicable to the entire Class.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 87 of Count V of Plaintiff's Fourth Amended Complaint.**

88. A class action is an appropriate method for the fair and efficient adjudication of this controversy because it involves a uniform course of conduct equally applicable to all members of the putative class as well as the individually named Plaintiff.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 88 of Count V of Plaintiff's Fourth Amended Complaint.**

89. Therefore, a class action can best secure the interests of time, effort, expense, and judicial economy, and can accomplish the other ends of equality and justice that this action seeks to obtain.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 89 of Count V of Plaintiff's Fourth Amended Complaint.**

90. As a result of the Defendants' actions, the Plaintiff and putative class members suffered similar feelings of fear, humiliation, anxiety, emotional distress, pain, suffering, and monetary loss/expense.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 90 of Count V of Plaintiff's Fourth Amended Complaint.**

WHEREFORE Defendants Thomas Dart and Cook County pray Count V be dismissed with prejudice and costs assessed to Plaintiff.

**COUNT VI - INDEMNIFICATION OF COOK COUNTY SHERIFF**

#369566v1

91. The Plaintiff hereby realleges and incorporates his **allegations of paragraphs 1–89 of Counts I through V** as his respective allegations of Paragraph 90 of Count VI as though fully set forth herein.

**ANSWER:** **Defendants reallege and incorporate their Answers to Paragraphs 1-89 of Count I through Count V of Plaintiff's Fourth Amended Complaint as their Answer to Paragraph 91 of Count V of Plaintiff's Fourth Amended Complaint.**

92. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER:** **Defendants admit that Illinois law speaks for itself, but that Plaintiff is entitled to damages or that Defendants are liable under Illinois law.**

93. The Defendants, Officers Roman and Moroney, and Sergeants Hill and Shavers, were employees of the Sheriff of Cook County, who acted within the scope of his employment in committing the misconduct described herein.

**ANSWER:** **Defendants admit that Officers Roman and Moroney, and Sergeants Hill and Shavers, were employees of the Sheriff of Cook County. Defendants deny the remaining allegations and legal conclusions of Paragraph 93 of Count VI of Plaintiff's Fourth Amended Complaint.**

WHEREFORE Defendants respectfully request that this Court enter judgement in their favor and against Plaintiff, along with any further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Jason E. DeVore*_____
One of the Attorneys for Defendants

#369566v1

## CERTIFICATE OF SERVICE

The undersigned non-attorney hereby certifies that the above **Defendants' Answer to Fourth Amended Complaint** was filed on April 6, 2022 with the Northern District of Illinois ECF System, serving a copy on all parties.

                                                              */s/Zachary Stillman*_____
                                                              Zachary Stillman